2002; the said Gary Steven Melvin having been directed on December 10, 2002, to inform this Court of any claim he has that the imposition of the identical or comparable discipline in this Commonwealth would be unwarranted and the reasons therefor; and upon consideration of the responses filed, it is

ORDERED that Gary Steven Melvin is suspended from the practice of law in this Commonwealth for a period of eighteen months retroactive to October 6, 2002, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

a disabling condition which makes it impossible for him to prepare an adequate defense to disciplinary charges brought against him in connection with Disciplinary Board File Nos. C2–01–1018, C2–01–1120, C1–01–1149, and C2–02–49, it is hereby

ORDERED that Arthur John Kyriazis is transferred to inactive status pursuant to Rule 301(e), Pa.R.D.E. Said transfer is effective immediately. Respondent shall comply with Rule 217, Pa.R.D.E. All pending disciplinary proceedings shall meanwhile be held in abeyance except for the perpetuation of testimony and the preservation of documentary evidence.

OFFICE OF DISCIPLINARY
COUNSEL, Petitioner,

v.

Arthur John KYRIAZIS, Respondent.

No. 831 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

April 3, 2003.

*ORDER*

PER CURIAM:

AND NOW, this 3rd day of April, 2003, upon consideration of the Certificate of Admission of Disability by Attorney that the respondent-attorney is suffering from

OFFICE OF DISCIPLINARY
COUNSEL, Petitioner

v.

David Francis LUVARA, Respondent

No. 685 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

April 3, 2003.

*ORDER*

PER CURIAM:

AND NOW, this 3rd day of April, 2003, it is hereby ORDERED that:

(1) the Motion to Dismiss is granted without prejudice to the Office of Disciplin-